**BEECH ACCEPTANCE CORPORATION, INC., Plaintiff,**

v.

**Ted C. CONNELL, Defendant.**

**Ted C. CONNELL, M.S. & C. Realty, and Connell Chevrolet, Inc., Plaintiffs,**

v.

**BEECH ACCEPTANCE CORPORATION, INC., and Beech Aerospace Services, Inc., Defendants.**

**Nos. 88–1080–C, 88–1575–C.**

United States District Court, D. Kansas.

Aug. 9, 1991.

Jeff C. Spahn, Jr., Martin, Pringle, Oliver, Wallace & Swartz, Wichita, Kan., Greg White, McGregor, White, Malesovas & McSwain, Waco, Tex., for plaintiff/defendants.

Ron Campbell, Fleeson, Gooing, Coulson & Kitch, Wichita, Kan., J. Stephen Weakley, Maebius & Duncan, San Antonio, Tex., for defendant/plaintiffs.

**ORDER ON APPLICATION FOR EXTRAORDINARY RELIEF IN AID OF JUDGMENT**

CROW, District Judge.

Comes on to be heard, this 11th day of July, 1991, the application of Beech Accept-

ance Corporation, Inc. ("BACI"), for Extraordinary Relief in Aid of Judgment. At the filing time of the initial application, this court entered a Temporary Restraining Order and an Order to Show Cause. Upon request made by Ted C. Connell, these orders were extended to July 11, 1991. On that date, the court heard evidence and argument of counsel. Jeff Kennedy and Greg White appeared for BACI. Ron Campbell and F. John Istre appeared for Ted C. Connell. Ted C. Connell did not appear in person.

Ted C. Connell, the judgment debtor, shall deliver to the United States Marshal for the District of Kansas his shares of stock in Silver Quail Company, a Texas corporation, within ten (10) days of the date of this order. The court determines that an order should be entered to sell all of Ted C. Connell's shares of stock in Silver Quail Company.

No sooner than twenty (20) days after delivery of every share of stock by Ted C. Connell as required by this order, the United States Marshal for the District of Kansas is ordered to sell Ted C. Connell's ownership in the shares of stock in Silver Quail Company. Before conducting that sale, the United States Marshal for the District of Kansas shall publish notice of the sale in at least five (5) places within this district, including the bulletin board for public notices in Sedgwick County, Kansas. Notice of the sale shall also be published in five (5) places within the Western District of Texas at least once each week for four consecutive weeks.

In all respects, the sale of the Ted C. Connell's stock shall conform to the requirements of K.S.A. 60–2401 through 60–2417, inclusive.

Return of sale information shall be made to this court no later than September 30, 1991, by the United States Marshal for the District of Kansas.

Either BACI, or Ted C. Connell, may, at their expense, conduct an appraisal of the stock to be sold. In conjunction with the appraisal, the parties may perform any necessary inspection of the pertinent premises, which includes the power to enter upon any real estate. Appraisal information may then be presented to the court at the time the court is asked to confirm a sale. Failure of either party to object at the hearing to the confirmation of the sale shall be deemed a waiver of any complaint (including adequacy of the price) as to the sale or any procedure.

■ The court has researched the jurisdictional concerns raised at the hearing. Neither party addressed those matters in its filings, and counsel at the hearing did not offer any legal authority for their respective positions. The court's research has not yielded any direct precedent. At best, the research only confirmed the court's preliminary thoughts that it could not exercise jurisdiction over or affect any interest or right of a nonresident, nondebtor partner. The scant evidence of record shows Wildflower is a Texas partnership that has not transacted any business in Kansas and that is not involved or connected with the pending litigation other than for the allegation that Ted C. Connell has rights or interests in the partnership. On these facts, the court believes its jurisdiction is restricted to those lawful orders that can be entered exclusively against Ted C. Connell.

The court has also considered the provisions of the Uniform Partnership Act, K.S.A. 56–301 *et seq.*, in deciding what action can be taken on Ted C. Connell's interest in Wildflower. A partner has three kinds of property rights in a partnership. K.S.A. 56–324. A partner cannot assign his right to specific partnership property without the consent of the other partners. K.S.A. 56–325(b)(3). A partner may assign without condition his "interest in the partnership," defined as that partner's "share of the profits and surplus." K.S.A. 56–326; 56–327. A partner's interest in the partnership may be charged with payment of an unsatisfied amount of a judgment or debt. K.S.A. 56–328. In effect, the charging order directs the partnership to take certain actions in relation to the debtor partner's interest, including the payment of distributions to the judgment creditor. See, e.g., *City of Arkansas v. Anderson,*

**1156**

242 Kan. 875, 889, 752 P.2d 673 (1988). The charging order is intended to secure the rights of the judgment creditor without unduly interfering with the rights of the other partners. *Id.* For this reason, a charging order is issued after an adversary hearing with the nondebtor partners. 59A Am.Jur.2d *Partnership* § 791 (1987). The Uniform Act also contemplates the judicial sale of a partnership interest. K.S.A. 56–328(b). An order of sale is properly issued after notice to all affected parties, a hearing, and a determination that the sale should proceed in lieu of profit distributions to the judgment creditor on debtor partner's interest. 59A Am.Jur.2d *Partnership* § 793 (1987). The Uniform Act recognizes certain redemption-type rights for the nondebtor partners in the event of a judicial sale. In sum, both a charging order and a judicial sale order directly affect the rights of the other partners.

Since the court does not have jurisdiction over the Wildflower partnership or its nondebtor partners, this court believes it cannot issue a charging order or require a judicial sale on Ted C. Connell's partnership interest in Wildflower. In the exercise of its personal jurisdiction over Ted C. Connell, the court orders him to turn over to BACI in ten days all of his personal records and documents evidencing his rights and interest in Wildflower. The court further orders, from this date on, that Ted C. Connell will pay over to BACI all distributions, profits or income received by him from Wildflower within ten days of his receipt of the same. BACI must resort to other forums for additional relief against Ted C. Connell's partnership interest in Wildflower.

Based upon the agreement of the parties and the evidence heard, the Temporary Restraining Order entered on June 18, 1991, is continued herewith as an injunction under Rule 65, Fed.R.Civ.P.

Except for as provided in this order, Ted C. Connell, shall not transfer, pledge, hypothecate or in any manner dispose of his interest or of any interest held on his behalf in the Wildflower Company or the Silver Quail Company, other than transactions that occur in the regular course of business. This order does not prejudice BACI's right to additional relief.

IT IS SO ORDERED.